IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DAVID MARTINEZ, | § |
| Plaintiff, | § |
| vs. | § Civil Case No.: 1:13-cv-186 |
| GC SERVICES, LP., | § |
| Defendant. | § |

## COMPLAINT

DAVID MARTINEZ, Plaintiff, through his attorneys alleges the following against GC SERVICES, LP. , Defendant:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the State of New Mexico establishing personal jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Rio Rancho, Sandoval County, New Mexico.

6. Plaintiff is obligated or allegedly obligated to pay a debt and therefore is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Pursuant to the definitions outlined in 15 U.S.C. § 1692a(1-6), Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

8. Defendant is business entity with an office located in Houston, Texas.

9. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. On January 5, 2013, Defendant began placing collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

12. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes on an American Express card.

13. Defendant called Plaintiff's telephone number at 505-385-51XX.

14. In January of 2013, Defendant called Plaintiff and left a voicemail message on Plaintiff's answering machine. *See* transcribed voicemail message attached hereto as Exhibit A.

15. In the voicemail message, Defendant's representative, "Diane Wilkins" failed to meaningfully disclose the company's name, the nature of the call, or state that the call was from a debt collector. *See* Exhibit A.

16. In the voicemail message, Defendant's representative, "Diane Wilkins", directed Plaintiff to call her back at 1-314-851-4327, which is a number that belongs to Defendant. *See* Exhibit A.

17. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff.

    b. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant did not provide the identity of the caller or the nature of the debt.

    c. Defendant violated §1692e of the FDCPA by using false, deceptive or misleading representation with the collection of the debt.

    d. Defendant violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

    e. Defendant violated §1692e(11) of the FDCPA by failing to disclose that the call was from a debt collector.

WHEREFORE, Plaintiff, DAVID MARTINEZ, respectfully requests judgment be entered against Defendant, GC SERVICES, LP., for the following:

19. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

20. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*; and

21. Any other relief that this Honorable Court deems appropriate.


DATED:  February 26, 2013        RESPECTFULLY SUBMITTED
                              By: /s/ Charles N. Lakins, Esq.
                                  Charles N. Lakins, Esq.
                                  Lakins Law Firm, P.C.
                                  PO Box 91357
                                  Albuquerque, NM 87199
                                  Attorney for Plaintiff